UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PEDRO MEDINA,<br><br>    Plaintiff,<br><br>    v.<br><br>IMMIGRATION AND NATURALIZATION DIRECTOR,<br><br>    Defendant. | Case No. 13-cv-04436-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Re: ECF No. 16] |

Before the Court is Defendant's[1] Motion to Dismiss Plaintiff's Complaint. (ECF 16) Plaintiff Pedro Medina ("Medina" or "Plaintiff") brings suit against Defendant alleging that he was wrongfully deported from the United States after being released from custody from San Quentin State Prison. (ECF 1) Defendant seeks to dismiss the Complaint on two grounds. First, that it fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF 16 at 3) Second, that Plaintiff's Complaint, insofar as it may be construed as a challenge to a removal order, is not subject to judicial review under 8 U.S.C. §1252(g). (*Id.*) Pursuant to Civil Local Rule 7-1, the Court finds this motion appropriate for determination without oral argument.

Having reviewed Defendant's arguments, the record, and the relevant case law, the Court GRANTS Defendant's Motion to Dismiss on the grounds that the Court lacks jurisdiction to review a removal order under 8 U.S.C. § 1252(g).

---

[1] Defendant was sued as the "Immigration and Naturalization Director," a position that Defendant alleges does not exist. Defendant states that it is "unclear whether Plaintiff is suing the director of the United States Citizenship and Immigration Services [("USCIS")], the director of Immigration and Customs Enforcement, or the director fo the Board of Immigration Appeals." (Def. Mot. 1 n.1) For clarity purposes, this Motion to Dismiss will simply refer to "Defendant."

# I. BACKGROUND

The Court lacks substantial background information on the events leading to the filing of the Complaint, due to the Complaint's brevity and a lack of supporting documentation. On September 24, 2013, Plaintiff filed a Complaint, pro se,[2] against Defendant. (ECF 1 at 2) The Complaint, denominated "Deportation," contains only the following allegations:

> I was wrongfully deported after serving time in Prison at San Quentin State Prison in 2002. I have children that were born in California. I want to appeal and have the deportation to Mexico reversed. I request to return to the U.S. to be with my children. I request a jury trial and a full panel of jurors.

(*Id.*) The Civil Cover Sheet contains a demand for $500,000. (*Id.* at 4) The Complaint is silent as to the reason Mr. Medina was incarcerated, the date on which he was released from San Quentin prison, the date on which he was removed from the United States (which Medina describes as his "deportation to Mexico"), or the exact reason why Plaintiff was removed from this country.

Attached to the Complaint is a document submitted by Plaintiff requesting that all papers and responses be sent to a "friend/relative," Christopher Castillo, whose residence was indicated as the Dona Ana County Detention Center in Las Cruces, New Mexico. (*Id.* at 3)

On January 13, 2014, the Defendant moved to dismiss the Complaint. Plaintiff did not oppose the Motion.[3]

---

[2] The Court construes a pro se Plaintiff's Complaint so as to give the Plaintiff the benefit of any doubt. *See, e.g.*, *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972), for the proposition that pro se pleadings are "subject to a lesser standard than pleadings drafted by lawyers").

[3] It appears from the Docket that Mr. Castillo, to whom Plaintiff requested his papers be sent, is no longer resident at the facility whose address is on file with the Court. (See ECF 17, 18, in which mail from the Court was returned as undeliverable because the addressee was "No Longer At This Facility"). Civil Local Rule 3-11 requires "a party proceeding pro se whose address changes while an action is pending" to "promptly file with the Court and serve upon all opposing parties a Notice of Change of Address." Civ. L.R. 3-11. Informing the Court of a valid address is Mr. Medina's obligation. Having failed to do so, Defendant is in compliance with the service requirements of Federal Rule of Civil Procedure 5, which designates as as appropriate service "mailing [a paper] to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). In serving papers on the "friend/relative" designated by Mr. Medina, at the address so designated and without any notice of a change of address, Defendant has met its burden of reasonable diligence in effectuating service.

## II. LEGAL STANDARDS

Defendant's Motion to Dismiss alleges two grounds: failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) due to the jurisdiction-stripping provisions of 8 U.S.C. §1252(g). Because this Court finds that it lacks jurisdiction under § 1252(g), it does not reach the question of whether Plaintiff has failed to state a claim upon which he is entitled to relief.

### A.   Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction, and are "presumed to lack subject matter jurisdiction until the contrary affirmatively appears." *Dragovich v. U.S. Dep't of Treasury*, 764 F. Supp. 2d 1178, 1184 (N.D. Cal. 2011). As courts of limited jurisdiction, a federal district court is obligated to dismiss a case when it lacks subject matter jurisdiction over the claims alleged. Fed. R. Civ. P. 12(b)(1).

An attack on the Court's jurisdiction can take a facial or factual form. *See, e.g.*, *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial challenge, as is the case here, is an assertion that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.*, *see also Retiree Support Grp. of Contra Costa Cnty. v. Contra Costa Cnty.*, 944 F. Supp. 2d 799, 803 (N.D. Cal. 2013) (comparing a facial attack with a factual attack, the latter of which "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction"). In light of a facial challenge, the Court assumes Plaintiff's allegations themselves to be true, and draws all reasonable inferences in Plaintiff's favor. *See, e.g.*, *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *see also African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

### B.   8 U.S.C. §1252(g)

Defendant's jurisdictional challenge is based on 8 U.S.C. §1252(g), which governs judicial review of orders of removal. The statute precludes judicial review in three specific instances: the Attorney General's decision or action to "commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act." *Reno v. Am.-Arab Anti-Discrimination Cmte.*, 525 U.S. 471, 473 (1999) (citing § 1252(g), which states that "no court shall have jurisdiction to

1 review" actions taken by the Attorney General in those three circumstances). In interpreting this jurisdictional carve-out, the Supreme Court has stated that "many provisions of [the law which enacted § 1252(g)] are aimed at protecting the Executive's discretion from the courts – indeed that can fairly be said to be the theme of the legislation." *Id.* at 486. Courts in this District have held that this statute should be construed narrowly, and that §1252(g) is "properly read to cover *only the three discrete actions enumerated therein.*" *Garcia-Guzman v. Reno*, 65 F. Supp. 2d 1077 (N.D. Cal. 1999) (emphasis added).

Thus, the Court must determine whether, after drawing all reasonable inferences on behalf of Plaintiff, his Complaint is itself a challenge to any of these three Executive Branch actions outlined in §1252(g). If so, the Court lacks jurisdiction.

## C. Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), a court should grant leave to amend a complaint "when justice so requires," because "the purpose of Rule 15 . . . [is] to facilitate *decision on the merits*, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The Court may deny leave to amend, however, for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

### A. Plaintiff's Complaint Should Be Construed as a Challenge to a Removal Order

A removal order is an administrative order "concluding that an [undocumented person] is removable or ordering removal [from the country]." *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 957 (9th Cir. 2012). Commonly referred to as "deportation orders," removal orders are the mechanisms by which the Executive Branch demands that an immigrant, present in the United States without adequate documentation, leave the country. Removal Orders are governed by 8 U.S.C. §1231, which proscribes the processes by which persons can be ordered removed.

Defendant's Motion to Dismiss asks the Court to construe Plaintiff's complaint as a challenge to his removal order, though the Complaint itself does not use that terminology. After review of the relevant case and statutory law, and having construed the Complaint in favor of Plaintiff, the Court agrees with Defendant.

In the instant case, Plaintiff's Complaint challenges the *fact* of removal, rather than the manner or method of removal. (ECF 1 at 2 ("I want to appeal and have the deportation to Mexico reversed. I request to return to the U.S. to be with my children.")) Even casting every inference to the benefit of Plaintiff, the Court views this request to reverse his "deportation" as a direct challenge to the removal order. Such a challenge falls squarely within the § 1252(g) preclusion of judicial review. Had the Plaintiff claims instead involved the manner or method by which his removal proceedings were handled, rather than the discretionary act of removal itself, the jurisdiction-stripping provision of § 1252(g) may not have applied. *See Garcia-Guzman v. Reno*, 65 F. Supp. 2d 1077, 1082 (N.D. Cal. 1999) (noting that Congress, in passing § 1252(g), was concerned with insulating the Attorney General's discretionary actions from judicial review, and that "commencing proceedings, adjudicating cases, and executing removal orders" are "stage[s where] the Executive has discretion to abandon the endeavor").

In *Reno v. American-Arab Anti-Discrimination Committee*, the Supreme Court explicitly stated that §1252(g) does not apply to certain collateral actions or decisions that occur *during the deportation process*, including "decisions to open an investigation, to surveil the suspected violator, to reschedule the deportation hearing, to include various provisions in the final order that is the product of the adjudication, and to refuse reconsideration of that order." *Am.-Arab Anti-Discrimination Cmte.*, 525 U.S. 471, 482. Granting Plaintiff the benefit of all doubts, the Complaint does not challenge any of these decisions. Though Plaintiff seeks reconsideration of his removal order, he does not allege that the Executive Branch has refused to reconsider the order, which would possibly have resulted in this Court having jurisdiction *over that specific question*. Merely calling his removal "wrongful," (ECF 1 at 2), is not enough to permit the Court to infer that Plaintiff is challenging wrongful collateral actions that took place during removal proceedings.

5

1  The language of Plaintiff's Complaint can only lead the Court to believe that he is challenging a single decision – his removal. That being the case, the law is quite clear. Congress intended to strip the ability of the federal district courts to review such a removal order when it passed § 1252(g). As such, the Court lacks jurisdiction to hear Plaintiff's Complaint.

## IV. ORDER

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss. Plaintiff's Complaint is dismissed WITH LEAVE TO AMEND, because it is conceivable that Plaintiff could plead facts in a Complaint that cure the jurisdictional defects outlined by the Court. Any amended Complaint must be filed with this Court by June 19, 2014, twenty-one (21) days from the date this Order is issued.

Dated: May 29, 2014

_____
BETH LABSON FREEMAN
United States District Judge